1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7
8
9
10

Erick David Morales,
Movant/Defendant
-vs-
United States of America,
Respondent/Plaintiff.

CV-14-0068-PHX-GMS (JFM)
CR-10-1706-PHX-GMS

**Report & Recommendation**
**on Motion to Vacate, Set Aside**
**or Correct Sentence**

11

## I. MATTER UNDER CONSIDERATION

12
13
14
15
16

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 13, 2014 (Doc. 1). On July 14, 2014, Respondent filed its Response (Doc. 9). Movant filed a Reply on September 29, 2014 (Doc. 13).

17
18
19
20

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

21
22

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

23
24
25

Movant's federal conviction as a felon in possession of a firearm and ammunition arises out of a chain of state convictions.

26
27
28

**Original State Criminal Conviction** – On December 29, 2006, Movant was arrested after being found to be in possession of a concealed handgun. On February 28, 2007, Movant pled guilty in Maricopa County Superior Court case JV 544557, a juvenile

1

delinquency proceeding, to one count of being a minor in possession of a firearm, a "Class 6 Undesignated Felony." (Exhibit B, Plea Agreement and M.E. 2/28/07.)[1] On April 4, 2007, Movant was placed on probation. (Exhibit B, M.E. 4/4/7.)

**Underlying State Criminal Conviction** – On April 17, 2009, Movant was found to be in possession of a shotgun despite being a prohibited possessor because of his prior conviction. On December 28, 2009, Movant pled guilty in Maricopa County Superior Court case CR2009-126767-001 to one count of Solicitation to Commit Misconduct Involving Weapons, a "Class 6 undesignated felony." (Exhibit E.) On January 12, 2010, Movant was found guilty of the offense, and Movant's sentence in that proceeding was suspended, and he was placed on two years' probation. (Exhibit F, Order 1/12/10.)

**Re-Designation of First State Offense** – On November 18, 2009, during the pendency of Movant's second state prosecution, Movant's offense in his 2007 juvenile prosecution (JV 544557) was re-designated as a misdemeanor. (Petition, Doc. 1 at Exhibit B, M.E. 11/18/09 in JV544557.)

**Federal Offense** – On June 3, 2010, Movant was found to be in possession of a firearm with loaded magazine, compatible ammunition, and another magazine. (Petition, Doc. 1 at Exhibits, M.E. 11/18/09.)

**Re-Designation of Second State Offense** – On August 9, 2011, during the pendency of the instant federal prosecution, Movant was discharged from probation in the 2010 state prosecution, and the offense was designated as a misdemeanor. (Exhibit G).

**Federal Trial** – On November 30, 2010, Movant was indicted in the underlying criminal case, CR-10-1706-PHX-GMS, on charges of being a felon in possession in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The charges stemmed out of the conduct on June 3, 2010.

The Government filed a Motion in Limine (CR Doc. 51) seeking to preclude

---

[1] Exhibits to the Response, Doc. 9, are referenced herein as "Exhibit ___." Documents in the underlying federal criminal case, CR-10-1706-PHX-GMS, are referenced herein as "CR___."

2

evidence of the designation of the underlying criminal conviction as a misdemeanor. Movant did not object, and the motion was granted.  (CR Doc. 71, Order 3/16/12.)

Movant and the Government entered into a stipulation that Movant had been convicted on January 12, 2010 of a crime punishable for a term exceeding one year in the state prosecution.  (Exhibit H, Stipulation.)  Based on that stipulation, the Court precluded evidence of the shotgun in connection with the offense.  (CR Doc. 75, Order 3/22/12 at 2.)

Movant proceeded to a jury trial.  In disposing of Movant's direct appeal, the Ninth Circuit summarized the evidence at trial as follows:

> [A] firearm - which contained a loaded magazine - was found next to Morales's bed, in a room he occupied exclusively. In a bedside dresser, police officers found two boxes and a Ziploc bag full of ammunition compatible with the firearm; in his closet, they found another loaded magazine compatible with the firearm and a copy of a bill of sale matching the firearm. Morales's fingerprints were on the Ziploc bag and one of the boxes of ammunition.

(CRDoc. 116, Mem. Dec. at 2.)

Movant was found guilty and was sentenced to 41 months in prison.  (CR Doc. 96, Sentence.)

**B. PROCEEDINGS ON DIRECT APPEAL**

Movant filed a direct appeal arguing insufficient evidence based on his arguments that he did not have control over the weapon and ammunition because they were in a residence owned and jointly resided in by his parents, that his father was going to use the weapon recreationally, and Movant was never at the house when the gun was present. The Ninth Circuit found sufficient evidence to sustain the conviction, and affirmed.  (CR Doc. 116, Mem. Dec.)

**C.  PRESENT MOTION TO VACATE**

**Motion to Vacate** - Movant commenced the current case by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 13,

2014 (Doc. 1).  Movant's Motion asserts the following four grounds for relief:

1. Ineffective assistance of counsel for entering into the stipulation regarding the prior conviction, thereby denying Movant his right to a jury trial on the issue;

2. Actual innocence based on his not being a prohibited person under Arizona law;

3. Ineffective assistance of counsel for not adequately investigating the prior conviction; and

4. Ineffective assistance of counsel for not objecting to the Government's Motion in Limine.

**Response** - On July 14, 2014, the Government filed its Response (Doc. 9). Respondent argues that Movant's ineffective assistance claims (Grounds 1, 3, and 4) are without merit, and his actual innocence claim (Ground 2) is procedurally defaulted.

**Reply** - On September 29, 2014, Movant filed a Reply (Doc. 13).  In support of the merits of his claims, Movant argues the subsequent re-designation as a misdemeanor of his underlying state conviction.  He further argues that it renders him actually innocent, avoiding any procedural default under the "miscarriage of justice" exception.

## III. APPLICATION OF LAW TO FACTS

### A. PROCEDURAL DEFAULT

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).  Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).

Conversely, in a federal prosecution, claims of ineffective assistance of counsel need not be exhausted on direct appeal, but are properly brought in the first instance in a

Motion pursuant to 28 U.S.C. sec. 2255.  "We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Here, Movant's Grounds 1, 3, and 4 are founded upon ineffective assistance, and thus are properly raised in the first instance in this Motion.

However, Ground 2 is founded upon a claim of actual innocence, and should have been raised on direct appeal, but was not.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley*, 523 U.S at 622 (citations omitted).  Movant does not assert any basis for a finding of cause, and thus must show his actual innocence to excuse his procedural default.

For the reasons discussed hereinafter in connection with the merits of Grounds 1 and 2, Movant has failed to show his actual innocence, and thus Ground 2 should be dismissed with prejudice.

**B.  GROUND ONE – INEFFECTIVENESS RE STIPULATION**

In his Ground One, Movant argues that trial counsel was ineffective for entering into the stipulation regarding his prior conviction, thereby denying Movant his right to a jury trial on the issue.

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on such a claim, petitioner must show:  (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694; *see also United States v.*

*Thornton*, 23 F.3d 1532, 1533 (9th Cir. 1994)(*per curiam*); *United States v. Solomon*, 795 F.2d 747, 749 (9th Cir. 1986).  Although the defendant must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Strickland*, 466 U.S. at 697.

**Prejudice** – To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Movant complains that as a result of counsel's conduct, he was denied his right to a jury trial on this issue.  Movant fails to show that he was prejudiced by counsel entering into the stipulation to admit his prior conviction, because he fails to show that the conviction would not, without the stipulation, have been admitted into evidence, and the jury would not have nonetheless convicted.

To the extent that Movant relies upon the re-designation of his 2010 state conviction as a misdemeanor, he is mistaken. For purposes of the federal felon in possession statutes, the character of a conviction is determined as of the date of the offense of possession, not at the time of trial.  In *U.S. v. Johnson*, 988 F.2d 941 (9ith Cir. 1993), the Ninth Circuit held that the re-designation as a misdemeanor of a state conviction after "the date he was apprehended with a firearm" was irrelevant to a conviction under 18 U.S.C. § 922(g).  "Congress clearly intended that the defendant clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose 'broadly to keep firearms away  from the persons Congress classified as potentially irresponsible and dangerous.' " *Lewis v. U.S.*, 445 U.S. 55, 64-65 (1980) (quoting *Barrett v. U.S.*, 423 U.S. 212, 218 (1976)) (emphasis added).  Thus, the courts have found no defense where subsequent to being found in possession of a firearm the defendant's underlying conviction: (1) had been not just re-designated a misdemeanor, but "expunged *ab initio*" prior to trial, *U.S. v. Lee*, 72 F.3d 55, 58 (7th Cir. 1995); (2) was constitutionally infirm as a result of the denial of counsel, *Lewis*, 445 U.S. 55; or (3) was expunged on

completion of probation, *U.S. v. McCroskey*, 681 F>2d 1152 (9th Cir. 1982).

Here, Movant was found to be in possession of a firearm on June 3, 2010. His underlying, 2010 state conviction was not re-designated until August 9, 2011. (Exhibit G.)  Thus, his conviction was nonetheless applicable, and admissible, to prove his offense of being a felon in possession of a firearm and ammunition.

To the extent that Movant relies upon the re-designation of his original, 2007 conviction, he fails to show that such re-designation would preclude the admission of his 2010 conviction.   As determined in *Lewis*, even constitutional infirmities in an underlying conviction will not avoid prosecution as a felon in possession.  That Movant might have had a state law ground to invalidate his 2010 conviction would not have rendered him anything other than a felon in possession on June 3, 2010, because Movant had not moved to invalidate the 2010 conviction prior to possessing the firearm and ammunition, and Movant proffers no authority for a finding that such invalidation was automatic.  *Cf. U.S. v. Varela*, 993 F.2d 686 (1993) (honorable discharge by juvenile parole board automatically expunged record, but did not restore right to possess firearms under definition of felon in 18 U.S.C. § 921(a)(20).)

Moreover, Ariz. Rev. Stat. § 13-3102(a)(4), the foundation of Movant's 2010 conviction, precluded possession by a "prohibited possessor."  Ariz. Rev. Stat. § 13-3101(7)(b) described a "prohibited possessor" as a person "[w]ho has been convicted within or without this state of a felony or who has been adjudicated delinquent for a felony and whose civil right to possess or carry a gun or firearm has not been restored." Like the federal courts, the Arizona courts have determined that the nature of a prior offense is determined as of the time a convict is found in possession of a firearm.  In *State v. Magnum*, 214 Ariz. 165, 150 P.3d 252 (App. 2007), the Arizona Court of Appeals rejected a contention that § 13-3102(a)(4) was avoided where the underlying conviction was arguably infirm, because the statute was "essentially a status offense" and determined by the status of the underlying conviction at the time of being found in possession.  Here, Movant's 2010 state conviction was based upon his being found in

possession of a weapon in April, 2009, and his first conviction was not re-designated until seven months later in November, 2009.  Accordingly, at the time of his offense underlying his 2010 conviction, he was still a "prohibited possessor" under Arizona law, despite the eventual re-designation of his 2007 offense.

Thus, had counsel not stipulated to admission of the conviction, the conviction would have nonetheless been admissible.  Even had the intervening re-designation of his offenses been admitted, Movant proffers nothing to suggest that the jury, properly instructed on the applicable law, would not have nonetheless convicted him of being a felon in possession.

**Deficient Performance** - A deficient performance is one in which counsel's errors were so great he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986).  An objective standard applies to proving such ineffectiveness, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent."  *United States v. Houtcens*, 926 F.2d 824, 828 (9th  Cir. 1991)(quoting *Strickland*, 466 U.S. at 687-90).   The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Here, given the lack of a basis to object to admission of the 2010 conviction, and the relative ease of proving the conviction, counsel was not deficient in stipulating to its admission.   The court hearing an ineffective assistance of counsel claim must consider the totality of the evidence with an eye toward the ultimate issue of whether counsel's conduct so undermined the functioning of the adversarial process that the proceeding lacked fundamental fairness.  *Strickland*, 466 U.S. at 686; *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)(observing that counsel cannot be labeled ineffective for failing to raise issues which have no merit); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985)(failing to raise meritless argument on appeal does not constitute ineffective assistance of counsel); *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir.1992) (finding that a claim of

ineffective assistance of appellate counsel on the ground that counsel failed to argue inadequate notice of the charge must fail because counsel "would not have been successful"), *cert. denied*, 508 U.S. 920 (1993); *United States v. Zazzara*, 626 F.2d 135, 138 (9th Cir.1980) (finding that a claim of ineffective assistance of trial counsel on the ground that counsel failed to move to suppress an indictment must fail because such a motion would have been futile).

Further, by stipulating to the prior conviction counsel obtained the tactical advantage of sterilizing the conviction of its particulars.   Had the prosecution been required to prove the conviction, there was the potential that the nature of the prior would have been admitted.  Because it involved essentially the same sort of offense as that in this case, the jury could have been swayed into believing that Movant was guilty simply on the basis that he had twice before engaged in weapons misconduct. *See Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir.1995) ("Considering the sheer weight of the evidence against Hensley, his counsel's advice to submit the case on stipulated facts, in the hopes of a reversal, is not objectively unreasonable.").

Obviously, Movant now takes exception to that tactical choice.  However, tactical decisions with which a defendant disagrees cannot form the basis for a claim of ineffective assistance of counsel.  *Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991), cert. denied, 113 S. Ct. 96 (1992).  "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).   Moreover, the court need not determine the actual reason for an attorney's actions, as long as the act falls within the range of reasonable representation.   *Morris*, 966 F.2d at 456-457.

Accordingly, Movant fails to show deficient performance and fails to show prejudice with regard to the stipulation to his prior conviction.  Accordingly, Ground One is without merit and must be denied.

//

//

9

**C.  GROUND TWO – ACTUAL INNOCENCE**

In his Ground Two, Movant argues that he is actually innocent based on his not being a prohibited person under Arizona law.  Movant asserts that but for an "error in the state court records management" (*i.e.* "the loss, misplacement of the fingerprint record that had been properly and timely submitted"), his 2007 conviction would have been re-designated prior to his 2009 possession leading to his 2010 state conviction.   In support of that contention, Movant submits a recommendation from his juvenile probation officer for re-designation of his 2007 felony to a misdemeanor, which arguably asserts that the re-designation should have occurred on 4/11/08, but had not been done because of an apparent "failure to give a complete set of fingerprints by his 18th Birthday."  However, that occurred during a transition in computer systems, and the fingerprints had subsequently been discovered.

Respondent argues, and the undersigned has concluded, that Movant procedurally defaulted on this claim.

Because Movant proposes his actual innocence as a basis for avoiding that procedural default, and the facts alleged in Ground Two are not addressed in connection with the other grounds, the undersigned addresses the merits of Ground Two.   In addition, the merits of Ground Two are addressed in the alternative to dismissal with prejudice.

Ground Two is without merit for three reasons: (1) Movant made a binding stipulation to the very fact on which he now bases his claim of actual innocence; (2) he has failed to establish his actual innocence; and (3) free-standing claims of actual innocence have not been determined cognizable in a § 2255 proceeding.

**Stipulation** - Movant stipulated at trial that he "was convicted on or about January 12, 2010 of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of Arizona, Maricopa County, case number CR2009-126767-001." (Exhibit H.)  "When a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel,

the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney. Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation." *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980).

Here, the stipulation was not only executed in writing (Exhibit G), but was read to the jury in Movant's presence without his objection. (*See* CR Doc. 109, R.T. 3/27/12 at 356-358.)

**No Innocence Shown** - Moreover, Movant fails to show that he was not a convicted felon at the time he was found in possession of a firearm on June 3, 2011. Regardless whether there was a delay in granting Movant a re-designation of his 2007 offense, that re-designation was not granted until after his arrest on the 2010 conviction. Indeed, the recommendation of the juvenile probation officer observed that Movant "recently purchases a Shotgun and was transporting it home, when he was pulled over. He has been charged as a Prohibitive [sic] Prossessor [sic]." (Petition, Doc. 1, Exhibit B, Recommendation 11/16/09.) As discussed hereinabove with regard to Ground 1, a post-offense re-designation of an underlying conviction does not, under Arizona law, prohibit conviction as a prohibited possessor. And, Movant proffers nothing to show that the mere delay in processing the re-designation because of a records mishap somehow made the re-designation automatic. The juvenile court's order made no determination that the re-designation was made *nunc pro tunc*. Further, even if somehow Movant's 2007 conviction was somehow re-designated *nunc pro tunc*, such that his 2010 conviction was subject to attack, the fact remains that Movant had not acted to have the 2010 conviction vacated at the time that he possessed in June, 2010.

**Not Recognized Claim** - Finally, Ground Two is without merit because there is no recognized claim of actual innocence on newly discovery evidence, absent some claim of Constitutional or other error. *See* 16 *Fed.Proc.L.Ed.* § 41:430 (2002).

> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state

11

criminal proceeding...This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact.

*Herrera v. Collins*,506 U.S. 390, 400-401 (1993).  Indeed, the courts have to date only assumed that such a claim existed.  *See House v. Bell*, 547 U.S. 518, 554–55 (2006); *Herrera*, 506 U.S. at 417 (1993); *Carriger v. Stewart*, 132 F.3d 463, 476–77 (9th Cir.1997) (*en banc*).

For each of the foregoing reasons, Ground Two is without merit, and if not dismissed as procedurally defaulted, it should be denied.

## D.  GROUND THREE – INEFFECTIVNESS RE INVESTIGATION OF PRIOR

In his Ground Three, Movant argues that counsel was ineffective for not adequately investigating his prior conviction before advising Movant to make the stipulation to his conviction.  Movant argues that had counsel adequately investigated, he would have determined that the re-designation of his two state convictions precluded him from being prohibited under the federal statute of being in possession of the firearm and ammunition.

Respondent contends that Movant's entire criminal record was disclosed and known to counsel, and the state had not conceded error in his 2010 conviction.

This claim is without merit.

A failure to investigate a meritorious defense may constitute ineffective assistance of counsel.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Morris v. California*, 966 F.2d 448 (9th Cir. 1991), *cert. denied*, 113 S. Ct. 96 (1992); *United States v. Tucker*, 716 F.2d 576, 583 n.16 (9th Cir. 1983). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691

It does not appear from the record that counsel investigated or was otherwise

aware of the re-designation of Movant's offenses prior to entering into the stipulation. Respondent points to CR Docs. 24, 28, 34, 51 & 53. (Response, Doc. 9 at 25.)   While the Government's Motion in Limine (CR Doc. 51) details the re-designations, that motion was not filed and served until December 7, 2011.  The Stipulation was received by the U.S. Attorneys Office on December 1, 2011.  (Exhibit H, Envelope.)  It was filed on December 6, 2011 (CR Doc. 49.)  The earlier filings (CR Doc. 24, 28, 34) disclose the convictions, and suggest arguments about their invalidity, but do not disclose the re-designations.

Nonetheless, Movant fails to show that any prejudice resulted from any failure to investigate.   The determination whether a failure to investigate prejudiced the petitioner depends on the likelihood that discovery of the evidence would have changed the outcome of a trial.  *Hill v. Lockhart*, 474 U.S. at 59.  "[W]e must compare the evidence that actually was presented to the jury with that which could have been presented had counsel acted appropriately."   *Vega v. Ryan*, 757 F.3d 960 (9th Cir. 2014) (internal quotations and citations omitted).  As discussed hereinabove, the only matters presented by Movant which further investigation would have revealed, *i.e.*  the re-designations, would not have been relevant and would not have altered the outcome of the proceeding.

Accordingly, Ground Three is without merit and must be denied.

## E.  GROUND FOUR – INEFFECTIVENESS RE MOTION IN LIMINE

For his Ground 4, Movant argues that counsel was ineffective for not objecting to the Government's Motion in Limine, resulting in his loss of his only viable defense.

The Government's Motion in Limine (CR Doc. 51) was founded upon the irrelevance and prejudicial effect of the re-designation of Movant's offense because the re-designation of the predicate underlying offense, the 2010 conviction, did not occur until after the offense in this case.

The only basis asserted by Movant for counsel to have opposed this motion is his theory that the re-designation rendered Movant actually innocent.  For the reasons

discussed hereinabove, that argument is without merit.

Consequently, any challenge to the motion by counsel would have been futile. Accordingly, this claims is without merit and must be denied.

## F. SUMMARY

Ground 2 (Actual Innocence) is procedurally defaulted and must be dismissed with prejudice.  If not procedurally defaulted, it is without merit.  Grounds 1, 3 and 4 are without merit and must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255.  The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant.   Accordingly, a decision on a certificate of Appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

14

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Movant's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Movant's claims are rejected on the merits, under the reasoning set forth herein, the claims are plainly without merit and jurist of reason would not find it debatable whether the Motion states a valid claim.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground Two of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed January 13, 2014 (Doc.  1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the remainder of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed January 13, 2014 (Doc.  1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

/ /

 / /

# VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 28, 2015

14-0068r RR 15 01 23 re MotVacate.docx

James F. Metcalf
United States Magistrate Judge

16